## OKLAHOMA CITY v. HOPCUS.

No. 25741.   Oct. 15, 1935.

Harlan T. Deupree, Municipal Counsellor, and P. E. Gumm, Asst. Municipal Counselor, for plaintiff in error.

Dabney, Lawson, Rakestraw & Benson, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the court of common pleas of Oklahoma county. In this opinion the parties will be referred to as they appeared in the trial court, the defendant in error as plaintiff, and the plaintiff in error as defendant.

The plaintiff instituted his suit in the district court of Oklahoma county. By proper order the case was transferred to the court of common pleas.

The plaintiff was the owner of 73 acres of land 3 1 miles by the meandering of the river northeast of Oklahoma City, adjacent to the North Canadian river. He alleged in his petition that the defendant had damaged him by discharging into the river sewage not properly purified. He claimed damage in the amount of $500 because the water in the river had been rendered unfit for watering his stock, alleging that the usable value of the river for watering stock was $250 per year; further, that he had been deprived of the use of the river for fishing, swimming, and other recreational purposes, alleging the usable value $250 a year, or a total of $500 for two years. He alleged $1,000 damage for deprivation of the comfort and pleasure of his home on account of the stench arising from the pollution of the river, making it almost unbearable for himself and family to occupy his home. He alleged $500 further damage on the theory that the water in the river had become poisonous and filthy, rendering it unfit for drinking purposes for his stock, and that to prevent his stock from using said river and to protect them against the use of the river he had been compelled to maintain fences along the river, to his damage in that amount. He prayed for damages in the sum of $2,500.

The answer of the defendant was in effect a general denial and a plea of the statute of limitations. Plaintiff replied by way of general denial to all the new matter in the answer.

At the trial of the case the plaintiff testified in his own behalf and produced six other witnesses. Plaintiff's evidence was to the effect that the defendant was not properly purifying the sewage discharged into the river; that material was deposited along the banks of the river, which material gave out odors extremely offensive; that no fish were in the river during the two-year period of time preceding the filing of the suit. The evidence of the plaintiff and his witnesses was to the effect that when there was no wind blowing, or when the winds were in the direction from the river, it was very undesirable for plaintiff and his family on account of the offensive odors. There was no evidence offered as to the rental or usable value of plaintiff's farm; neither was there any evidence that plaintiff had ever at any time fished in the river, nor was there any evidence giving the cost or expense to the plaintiff for constructing fence along the river to prevent his stock from having access thereto.

In the view we take of the case, it is not necessary to give any review of the evidence offered on the part of the defendant.

The jury returned a verdict in favor of the plaintiff for the sum of $500.

Motion for new trial was overruled and denied. The case is before this court on petition in error with case-made attached.

The defendant has briefed the case on several assignments. It is not necessary to consider all of these.

The plaintiff presented his case under a mistaken view of the law. He did not distinguish between injury and damages. He made no effort to give to the court and jury a basis upon which to calculate any damages which he had suffered. There is a clear dis-

tinction between injury and damages. 8 R. C. L. 421, section 1, points out the distinction in the following words:

"The word 'injury' denotes the illegal act; the term 'damages' means the sum recoverable as amends for the wrong. The one is the legal wrong to be redressed, the other the scale or measure of recovery."

The trial court, during the progress of the trial, did not observe the distinction between injury and damage, neither did the trial court properly instruct the jury. In stating the issues to the jury the trial court very much abbreviated plaintiff's petition. He told the jury the plaintiff had alleged that he had sustained damages to his premises described in his petition and to himself in his use and occupancy of the same by reason of the defendant wantonly, and in disregard of the rights of the plaintiff, dumping and discharging into the river the offensive material, causing the waters of said stream running through and past the land of the plaintiff to be filled with offensive and polluted matter and injurious to the health of persons living and working in the vicinity thereof, especially on the plaintiff's land, so that it was impossible for the plaintiff to use and enjoy the same or to use the waters of said stream for domestic purposes or for the use of his stock or for any other purposes, and destroying said stream and its waters as a place of recreation for persons living in that vicinity, including the plaintiff, thus creating a nuisance by the obnoxious substances and the stench arising therefrom, and that the value of the plaintiff's enjoyment of his land and premises had been disturbed and interfered with and would continue to be as long as the said nuisance was continued by the defendant.

The court concluded this summary of the allegations of the petition with the following sentence:

"And the plaintiff prays for damages because thereof in the sum of $2,500."

Over the objection and exception of the defendant the court gave to the jury instruction No. 12, which is as follows:

"No. 12. You are instructed that if your verdict is for the plaintiff, you should fix his recovery at such sum as will reasonably compensate him for the injury he has sustained, if any; and in doing so you may take into consideration the inconvenience, annoyance and discomfort to the plaintiff in the use of his premises, if any, and the depreciated usable value of the premises, if any, but in no event will your verdict exceed the sum of $2,500, and said recovery must be limited to the injury sustained by the plaintiff, if any, between the 26th day of September, 1930, and the 26th day of September, 1932."

The defendant not only excepted to the giving of this instruction, but it also called the attention of the court to the vice of this instruction by requesting the court to give defendant's requested instructions Nos. 2 and 4, which are as follows:

"2. You are further instructed that if you find from a preponderance of the evidence that the plaintiffs have suffered damage, if any, because of the pollution of the waters of the North Canadian river, then, and in that event, you are further instructed that you must further find from the evidence the amount of the damage, and if you further find or believe from the evidence that the plaintiffs herein have failed to prove any damage or the amount of said damage, if any, you are instructed that you shall not enter into the realms of conjecture and speculation in arriving at your verdict, and you should return a verdict herein for the defendant.

"4. You are further instructed that if you should find from the preponderance of the evidence in this case that the defendant has polluted the North Canadian river with sewage, and further find from a preponderance of the evidence that because of the same an odor has come from said stream upon the property of the plaintiffs herein, and that because of said odor, the plaintiffs have been damaged herein, in arriving at such damages you may consider the same only in so far as the odor may have diminished the usable value of the property and by the usable value is meant that use to which the plaintiffs have been putting said property, or the diminution, if any, in the rental value thereof; and if you find that there has been no diminution in the usable value of said property as hereinabove defined, your verdict should be for the defendant."

In giving the instruction No. 12, and in the refusing to give defendant's requested instructions Nos. 2 and 4, the court erred.

As we have heretofore pointed out, there was no evidence given by the plaintiff to establish the rental or usable value of his land. As a matter of fact, there was no evidence given to show the value of his land from any standpoint. For aught the jury knew or for aught this court knows, the $500 returned as a verdict may be the full value of the entire property, or more than the full value. The plaintiff was suing for temporary damages. His measure of damage was the loss of the rental or usable value of the land for the period of two years next preceding the filing of his petition.

The fact that he occupied his own land and that he was his own tenant and his own landlord does not in any way change or vary the rule. His only measure of damage was the financial detriment to himself. That detriment could be measured and calculated only from the financial loss to himself. It is true he mentioned fishing and swimming and other things; however, no evidence whatever was offered along these lines which would enable the jury to place a financial value thereon. As a matter of fact, no evidence was given that he ever fished at all.

The question under consideration has not been directly decided by this court. It has been indirectly decided, as we will hereinafter show. Other courts have had the question before them for consideration. It was before the Supreme Court of Arkansas, in the case of Junction City Lumber Co. v. Sharpe, 123 S. W. 370. In that case the plaintiff, Sharp, occupied real estate owned by him. The trial court gave an instruction somewhat similar to the instructions given in the case at bar. The Arkansas Supreme Court, in passing on the subject, says:

"In the case at bar it is not claimed that any injury was caused to the health by the maintenance of the nuisance, or that there was any special damage of any kind other than to the use and enjoyment of the property. There was no testimony indicating the character of the property or the size of the dwelling thereon, or the value of the property or of its rental or usable value. The jury were permitted, without any pecuniary guide, to arbitrarily fix the amount of damages. So far as the testimony shows, it may be that the sum of $250 recovered is the full value of the entire property, or more than the full value. The damages in this case should be compensatory only. And in our opinion the rule laid down in the Czarnecki Case is a just and reasonable one for arriving at the amount of such compensation. It follows, therefore, that the court erred in giving instruction No. 2 on the part of plaintiff, which relates to the measure of damages."

The Court of Appeals of Kentucky, in the case of Seaboard Oil Co. v. Britt, 271 S. W. 1038, had before it a similar set of instructions. That court lays down the law in the following language:

"The first instruction given by the court to the jury, in substance, directed it to find for the plaintiff, Britt, if it believed from the evidence that oil and other foreign substances located on the lands of defendant company were allowed to wash down onto the lands of plaintiff, Britt, and pollute the stream and render it unfit for use and 'to find for the plaintiff such amount as he was damaged as the result thereof, not to exceed $2,000.' This instruction upon the measure of damages was both boundless and incorrect. It afforded the jury no criterion by which to measure the damages and arrive at a fair compensatory verdict.

"The second instruction was the converse of the first; the third instruction was one upon the measure of damages, and directed the jury that in case it found for the plaintiff, Britt, to award him 'the actual damage sustained by plaintiff within the last five years preceding the filing of plaintiff's suit, September 5, 1923, on account of being deprived of the use of the water of the said stream for domestic or foreign (evidently farming) purposes during said time, for damages, if any, to plaintiff's crop on lands contiguous to said stream of water that was overflowed and injured.' This likewise was limitless.

"The jury was also instructed that it could find for the plaintiff, Britt, 'on account of the death of plaintiff's cow, if the jury believed it died as a result thereof'; and further that it could 'find for the plaintiff on account of inconvenience or expenses to which he had been put, if any, in watering his stock.' The instruction from which we have quoted afforded no measure of damages by which the jury could ascertain the amount to which the plaintiff was entitled, if anything. * * *"

The Supreme Court of Georgia, in the case of Swift v. Broyles, 42 S. E. 277, 58 L. R. A. 390, considered a suit by the occupant of his own premises based upon an analogous charge for damages. In the syllabus the court states the law in the following language:

"1. Proof of a tortious invasion of one's property rights cannot, unless supplemented by evidence disclosing the extent of the loss thereby inflicted upon the injured party, afford a basis for the recovery by him of more than nominal damages.

"2. The owner of a dwelling house which he himself occupies as a home is entitled to just compensation for the annoyance and discomfort occasioned by the maintenance, by another, of a nuisance on adjacent premises; and, in fixing the amount of damages to be awarded in such a case, proof of depreciation in rental value of the dwelling house, caused by such nuisance, may be looked to as furnishing a proper evidentiary guide for determining the extent of the annoyance and discomfort actually suffered."

The plaintiff in the case at bar in his brief cites and depends upon the opinion of this court in the case of City of Weatherford v

Rainey, 151 Okla. 183, 3 P. (2d) 153. We said in that case:

"Objection is urged to that portion of the instruction which advised the jury that it might allow damages for the usable value of the property. We think this objection well taken. There is no evidence which established the usable value of the property during the period complained of. There is evidence that the property was used as a chicken and dairy ranch and that the pollution of the stream impaired the usable value thereof, but no facts are testified to from which damages as to the loss of the usable value thereof could be fixed or calculated. We do not think the jury should have been permitted to surmise as to the amount of damages which resulted on account of the impaired or lost use of the property during the period complained of. There was a substantial recovery, and we cannot say that the jury was not misled by the instruction."

Even if the record disclosed evidence on which the jury might calculate the amount of damages to which the plaintiff was entitled, if he be entitled to any, there is no instruction of the court by which the jury could have been guided in arriving at the amount without resorting to surmise, conjecture or speculation. The jury was told that if injury and damage resulted to the plaintiff in the manner and form alleged in his petition or in either (any) of the manners alleged therein, it should return a verdict for the plaintiff for an amount sufficient to compensate the plaintiff.

In the case of C. N. O. & T. P. Ry. Co. v. Gillispie, 130 Ky. 213, 113 S. W. 89, in commenting on a similar set of instructions, the Court of Appeals of Kentucky said:

"Under that language the jury might have 'roamed at will,' and fixed upon any amount they saw fit."

In A., T. & S. F. Ry. Co. v. Phillips, 158 Okla. 141, 12 P. (2d) 908, we said:

"Neither conjecture nor speculation may form a basis for a judgment."

In Bokoshe Smokeless Coal Co. v. Bray, 55 Okla 446, 155 P. 226, we quoted from Midland Valley Railway Co. v. Fulgham (C. C. A. 8th) 181 Fed. 91, the following expression by Judge Walter Sanborn:

"'Conjecture' is an unsound and unjust foundation for a verdict. Juries may not legally guess the money or property of one litigant to another. Substantial evidence of the facts which constitute the cause of action * * * is indispensable to the maintenance of a verdict sustaining it."

In St. Louis-S. F. Ry. Co. v. Floyd, 146 Okla. 42, 293 P. 250, 77 A. L. R. 1431 we said:

"In every damage suit the court should furnish the jury a rule by which to measure the damages and to define the different elements for which compensation may be awarded."

As a matter of fact, the court had no right to instruct the jury on the subject of damages. The evidence on behalf of the plaintiff giving it the greatest weight to which it is entitled established a cause for nominal damages only. The burden was on the plaintiff to prove by competent evidence every essential fact on which a judgment might be rendered in his favor. A part of the essential facts which it was his burden to establish was the financial loss to himself, for which he asked the court to render a money judgment as compensation.

In Davis v. Kelley, 96 Okla. 17, 219 P. 923, we said:

"The burden of proof rests upon the party having the affirmative as made by the pleadings, and such party must prove every essential fact necessary to establish his cause of action or defense."

The plaintiff failed in this respect. The verdict in this case is not supported by sufficient evidence. In so far as the verdict is in excess of nominal damages, it is supported by no evidence. Therefore, the cause is reversed and remanded for a new trial.

The Supreme Court acknowledges the aid of Attorneys William S. Hamilton, L. A. Justus, Jr., and Joseph D. Mitchell in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and fact was prepared by Mr. Hamilton and approved by Mr. Justus and Mr. Mitchell, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, WELCH, and GIBSON, JJ., concur.