Phillip D. ELLIS and Marilyn N. Ellis, Plaintiffs-Appellees,

v.

Richard ZUCK et al., Defendants,

Wilma Zuck Aulsbrook, as Administratrix of the Estate of Gordon D. Zuck, Deceased, Defendant-Appellant.

No. 76-1745

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 4, 1977.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Samuel G. McKerall, Foley, Ala., Rhea, Boyd & Pitts, Gadsden, Ala., for defendant-appellant.

Richard F. Ogle, Birmingham, Ala., for plaintiffs-appellees.

Before GODBOLD, HILL and FAY, Circuit Judges.

PER CURIAM:

■ In the District Court for the Northern District of Alabama, plaintiffs sued the Estate of Gordon D. Zuck (and others not concerned in this appeal), alleging fraud on the part of Zuck prior to his death. Judgment against the estate included compensatory and punitive damages, punitive damages being recoverable in a fraud action in Alabama. *Loch Ridge Cons. Co. v. Barra,* 291 Ala. 312, 280 So.2d 745 (1973).

The sole question presented on this appeal is whether or not, under the laws of Alabama, punitive damages may be awarded when it appears that the wrongdoer died before the entry of judgment.[1]

In almost all jurisdictions it is held that punitive damages may not be awarded against the estate of a wrongdoer who has died prior to the entry of judgment. *Dalton v. Johnson,* 204 Va. 102, 129 S.E.2d 647 (1963); *McAdams v. Blue,* 3 N.C.App. 169, 164 S.E.2d 490 (1968); *Hays v. Gill,* 216 Tenn. 39, 390 S.W.2d 213 (1965). *See also* 25 C.J.S. Damages § 125(3) and cases cited therein.

In the case of *Meighan v. Birmingham Terminal Co.,* 165 Ala. 591, 51 So. 775 (1910), there is to be found a statement indicating that, in Alabama at that time, punitive damages could not be recovered against such an estate. However, a full reading of that case discloses that the statement is but dictum.

■ The controlling determination of Alabama law by the Supreme Court of that State is now to be found in the case of *Shirley v. Shirley,* 261 Ala. 100, 73 So.2d 77 (1954). That was a wrongful death action brought against the estate of a deceased tortfeasor. Of particular interest is the fact that *all* damages recoverable under the Alabama wrongful death statute have been held to be punitive damages. *See* the cases compiled under Note 4, Code of Ala., Tit. 7, § 123. Under Alabama law an action for wrongful death survives against the personal representative of a deceased defendant and a cause of action for wrongful death also survives. Code of Ala., Tit. 7, § 150. The legislature has, therefore, determined that the estate of a party dying before the entry of judgment should nevertheless be held liable for punitive damages.

■ We are not cited to, and diligent effort has not disclosed, any Alabama case supporting the award of punitive damages *in addition to* compensatory damages as was done in the case before us. However, the absence of such a prior decision does not mean that the question is an open one in that State. If there were to be survival of a wrongful death action in Alabama, there must be survival of a punitive damage claim against an estate, because, as noted, such damages are the only damages recoverable in such an action. It would be conceivable that, in *Shirley,* the Supreme Court of Alabama had merely given effect to the survival of a wrongful death action by permitting recovery of punitive damages limited to wrongful death actions had it not been for that court's having met the issue squarely on rehearing in the *Shirley* case. The opinion on rehearing makes it clear that, in Alabama, punitive damages are viewed as accomplishing not only punishment to the wrongdoer (which would be unavailable in the event of the death of the

---

1. In view of our decision on the merits, we do not reach the problems, if any, presented by the failure of the defendant-appellant to have raised this issue in the trial court by motion to strike the prayers for punitive damages or otherwise.

wrongdoer prior to judgment) but also as providing deterrents to others similarly situated from taking steps of the character condemned. Thus, held the State court (73 So.2d at 85) ". . . still the jury is authorized to assess such amount of damages against the Administrator of his estate as will, in their opinion, best serve the purpose of the law."

Under the law of the State, the District Court was authorized to assess punitive damages against the appellant estate and the judgment appealed from it is

AFFIRMED.