478 So.2d 862 (1985)
June Keene STEPHENS, Appellant,
v.
John F. ROHDE, As Executor of the Estate of Ronald F. Rohde, Deceased, and Allstate Insurance Company, Appellees.
No. BE-446.
District Court of Appeal of Florida, First District.
November 15, 1985.
Rehearing Denied December 13, 1985.
G.B. Stockton, Jr., Jacksonville, for appellant.
Carl Scott Schuler of S. Thompson Tygart, Jr., P.A., Jacksonville, for appellees.
MILLS, Judge.
Stephens appeals from an order striking her claim for punitive damages against a deceased tortfeasor. We reverse, and remand for a new trial on punitive damages only.
Stephens was injured in a collision with an automobile driven by Ronald Rohde. Rohde subsequently died of causes unrelated to the accident and his executor was substituted as a defendant in Stephens' suit for compensatory and punitive damages. The punitive damages claim was stricken before trial on motion by Rohde, the trial court finding that punitive damages may not be recovered from a deceased tortfeasor. However, that conclusion is contrary to the Florida law on this issue.
In Atlas Properties, Inc. v. Didich, 226 So.2d 684 (Fla. 1969), the Supreme Court stated, in dicta, that a punitive damages claim survives regardless of the death of the tortfeasor. The principle was later explicitly established in Johnson v. Rinesmith, 238 So.2d 659, 660 (Fla. 2d DCA 1969), relying on Atlas. Finally, this court, in Johns-Manville Sales Corp. v. Janssens, 463 So.2d 242 (Fla. 1st DCA 1984), cited *863 Johnson for the proposition that "a claim for punitive damages survives the death of the tortfeasor." Johns-Manville at 252.
The trial court relied on Rohde's citation to In the Matter of GAC Corp., 681 F.2d 1295 (11th Cir.1982), in holding to the contrary. However, the primary holding of GAC was that allowing recovery of punitive damages against deceased tortfeasors was inappropriate in the bankruptcy context because such claims punished innocent creditors by diminishing the estate. The court added in a footnote that "numerous" cases had similarly held that punitive damages cannot be recovered from a deceased tortfeasor because neither punishment nor deterrence can be accomplished. However, none of the cases cited for this proposition issued from a Florida court. Therefore, GAC is not controlling.
Florida courts have clearly held that, as well as punishing the wrongdoer, punitive damages serve as a warning and example to deter others from committing similar offenses. We agree. Further, if a potential tortfeasor realizes that his estate is liable to diminishment by punitive damages awards, as is his own purse while he lives, this provides an additional incentive to avoid tortious conduct.
Stephens proceeds to argue that if the punitive damages claim is reinstated, any new trial should be on compensatory damages as well. She alleges no error in the trial on compensatory damages only, nor is the amount of the $30,000 award challenged. Rather, she claims that compensatory and punitive damages are so intertwined as to require a new trial as to both. We disagree.
In Banker's Multiple Line Insurance Co. v. Farish, 464 So.2d 530 (Fla. 1985), the plaintiff was awarded compensatory and punitive damages. The trial court ordered a new trial on both and the District Court reversed. The Supreme Court approved that action as to compensatory damages but quashed the portion of the opinion dealing with punitive damages, finding that there is no rule of law that punitive damages must bear some reasonable relationship to compensatory damages. The case was remanded with directions to grant a new trial "on the issue of whether punitive damages should be imposed and, if so, the amount thereof." Banker's at 533.
In Hartford Accident and Indemnity Co. v. Ocha, 472 So.2d 1338 (Fla. 4th DCA 1985), the court relied on Banker's to reinstate a punitive damages claim and remand for a new trial on punitive damages only, despite a contention that retrial of punitive damages required retrial of compensatory damages. Hartford at 1342.
Based on the foregoing authority, we reverse the trial court's action in striking Stephens' punitive damages claim and remand for a new trial on the issue of whether such damages should be imposed and, if so, the amount thereof.
SMITH and THOMPSON, JJ., concur.