488 So.2d 138 (1986)
Hattie Mae BYRD, Appellant/Cross-Appellee,
v.
James J. LOHR, As Personal Representative of the Estate of John Robert Lohr, Deceased; and Sentry Indemnity Company, Appellees/Cross-Appellants.
No. 85-297.
District Court of Appeal of Florida, Fifth District.
May 8, 1986.
Marcia K. Lippincott, P.A., Orlando, for appellant/cross-appellee.
Heidi M. Tauscher, of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., and Richard A. Sherman, Ft. Lauderdale, for appellees/cross-appellants.
COBB, Chief Judge.
The appellant, Hattie Mae Byrd, plaintiff below, appeals the order of the trial court granting, in the alternative, a remittitur or new trial in respect to a punitive damage award against the estate of John Robert Lohr, a deceased tortfeasor. The estate has cross-appealed, contending the trial court should have granted its motion for a directed verdict on the issue of punitive damages.
Byrd sued the estate of John Robert Lohr for compensatory and punitive damages caused by injuries received by Byrd in an automobile accident with Lohr, who was intoxicated at the time and died as a result of injuries sustained. At trial the defense unsuccessfully moved for a directed verdict on the issue of punitive damages. Subsequently, the jury returned a verdict in favor of Byrd for $31,000 in compensatory damages and $25,000 in punitive damages. Lohr moved for a remittitur. This motion was granted as to punitive damages, reducing them to $9,000 on the basis that the estate's assets should not be destroyed. The plaintiff was afforded the option of a new trial in lieu of the remittitur. The plaintiff chose not to accept the remittitur, and this appeal ensued.
Lohr contends that punitive damages are not proper against the estate of a deceased tortfeasor, who is beyond material punishment. This raises the question of whether the factor of deterrence of other potential tortfeasors, standing alone, is a sufficient basis to sustain an award of punitive damages against an estate. There are only three Florida cases touching on this subject: Atlas Properties, Inc. v. Didich, 226 So.2d 684 (Fla. 1969); Stephens v. Rohde, 478 So.2d 862 (Fla. 1st DCA 1985); and Johnson v. Rinesmith, 238 So.2d 659 (Fla. 2d DCA 1969), cert. denied, 241 So.2d 857 (Fla. 1970). Atlas Properties concerned a deceased claimant, but Johnson and Stephens are directly in point.
In Stephens, the plaintiff was injured in an automobile accident caused by Rohde. Rohde subsequently died of causes unrelated to the accident. At trial the lower *139 court found that punitive damages could not be recovered from the estate of a deceased tortfeasor. The First District reversed and stated:
In Atlas Properties, Inc. v. Didich, 226 So.2d 684 (Fla. 1969), the supreme court stated, in dicta, that a punitive damages claim survives regardless of the death of the tortfeasor. The principle was later explicitly established in Johnson v. Rinesmith, . .., relying on Atlas. Finally, this court, in Johns-Manville Sales Corp. v. Janssens, 463 So.2d 242 (Fla. 1st DCA 1984), cited Johnson for the proposition that "a claim for punitive damages survives the death of the tortfeasor." Johns-Manville at 252.
The trial court relied on Rohde's citation to In The Matter of G.A.C. Corp., 681 F.2d 1295 (11th Cir. 1982), in holding to the contrary. However, the primary holding of G.A.C. was that allowing recovery of punitive damages against deceased tortfeasors was inappropriate in the bankruptcy context because such claims punished innocent creditors by diminishing the estate. The court added in a footnote that "numerous" cases had similarly held that punitive damages cannot be recovered from a deceased tortfeasor because neither punishment nor deterrence can be accomplished. However, none of the cases cited for this proposition issued from a Florida court. Therefore, G.A.C. is not controlling.
Florida courts have clearly held that, as well as punishing the wrongdoer, punitive damages serve as a warning and example to deter others from committing similar offenses. We agree. Further, if a potential tortfeasor realizes that his estate is liable to diminishment by punitive damages award, as is his own purse while he lives, this provides an additional incentive to avoid tortious conduct.
478 So.2d at 863.
Most of the states which have considered this problem disallow punitive damages against the estate of a dead tortfeasor. Of the four which do allow such damages, at least two  Texas and West Virginia  rely on public policy reasons[1] inapplicable to Florida. In most states that have expressly considered the problem, such damages are not allowed. See, e.g., Thorpe v. Wilson, 58 N.C. App. 292, 293 S.E.2d 675 (1982); Summa Corp. v. Greenspun, 96 Nev. 247, 607 P.2d 569 (1980); Allen v. Anderson, 93 Nev. 204, 562 P.2d 487 (1977); Gordon v. Nathan, 43 A.D.2d 917, 352 N.Y.S.2d 464 (1974); Braun v. Moreno, 11 Ariz. App. 509, 466 P.2d 60 (1970); Mervis v. Wolverton, 211 So.2d 847 (Miss. 1968); Ashcraft v. Saunders, 251 Ore. 139, 444 P.2d 924 (1968); Tietjens v. General Motors Corp., 418 S.W.2d 75 (Mo. 1967); Bancroft-Whitney Co. v. Glen, 64 Cal.2d 327, 49 Cal. Rptr. 825, 411 P.2d 921 (1966); Hayes v. Gill, 216 Tenn. 39, 390 S.W.2d 213 (1965); Dalton v. Johnson, 204 Va. 102, 129 S.E.2d 647 (1963); Barnes v. Smith, 305 F.2d 226 (10th Cir.1962) (applying New Mexico law); Marcante v. Hein, 51 Wyo. 389, 67 P.2d 196 (1937); Johnson v. Levy, 122 La. 118, 47 So. 422 (1908); Sheik v. Hobson, 64 Iowa 146, 19 N.W. 875 (1884). The rationale underlying these cases is that when the tortfeasor is dead, he cannot be punished and no longer needs to be deterred from future misconduct. The punishment actually is inflicted upon his heirs. Separation of the "punitive" and "exemplary" aspects of such awards is unjustified because general deterrence logically depends upon the perception of punishment suffered by the wrongdoer. When that punishment is diffused and unjustly inflicted upon the innocent, through a doctrine analogous to attainder, the deterrent effect is frustrated. It is unrealistic to suppose that such awards deter other prospective tortfeasors, especially if the criminal laws fail to do so.
Nevertheless, we are controlled by Florida law as set forth in its statutes and cases. Florida statutorily has adopted the common law of England as of July 4, 1776. *140 See § 2.01, Fla. Stat. (1983). Punitive damages were not allowed at common law against a decedent's estate. See Atlas Properties, 226 So.2d at 686. The question, then, is whether that rule has been changed by statute in Florida. In Atlas Properties the Florida Supreme Court held that punitive damages could be recovered by a personal representative under Florida's survival statute, then section 45.11, now section 46.021.[2] The court then stated: "This appears to be true regardless of whether it is the tortfeasor or the injured party who dies." 226 So.2d at 688. The policy underlying the decision was that a person should be punished for his malicious and reckless actions, irrespective of whether the victim lives or dies. This policy, of course, is not apposite to the converse situation, as in the instant case, where it is the tortfeasor who is dead. Nevertheless, if punitive damages can be classified as a "cause of action" under the survival statute, as they were by the supreme court in Atlas Properties, then that classification applies regardless of whether it is the tortfeasor or the injured party who dies. So interpreted, section 46.021 is an abrogation of the common law in regard to punitive damages against a deceased tortfeasor.
Despite the compelling arguments that punitive damages should not be available against a deceased tortfeasor's estate, we are bound by the reasoning in Atlas Properties to reject those arguments. See Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). However, given the fact that the Florida Supreme Court has not ruled expressly upon the issue, and the extensive contrary authority from other jurisdictions, we certify the following question, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), to be of great public importance:
MAY PUNITIVE DAMAGES BE AWARDED AGAINST A DECEASED TORTFEASOR'S ESTATE?
We find no abuse of discretion in the amount of the trial court's remittitur and, therefore, affirm the trial court.
AFFIRMED.
ORFINGER, J., concurs.
COWART, J., dissents without opinion.
NOTES
[1] These states allow punitive damages as additional compensation for such losses as inconvenience, attorney fees, and remote losses of the claimant. See Hofer v. Lavendar, 679 S.W.2d 470 (Tex. 1984); Perry v. Melton, 299 S.E.2d 8 (W. Va. 1982).
[2] Section 46.021, Florida Statutes (1985), provides:

Actions; surviving death of party.  No cause of action dies with the person. All causes of action survive and may be commenced, prosecuted and defended in the name of the person prescribed by law.