522 So.2d 845 (1988)
James H. LOHR, Etc., et al., Petitioners,
v.
Hattie Mae BYRD, Respondent.
No. 68836.
Supreme Court of Florida.
April 14, 1988.
Richard A. Sherman and Rosemary B. Wilder of the Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for petitioners.
Roy B. Dalton, Jr. of Dalton & Provencher, P.A., Orlando, and Marcia K. Lippincott of the Law Offices of Marcia K. Lippincott, P.A., Orlando, for respondent.
Russell S. Bohn of the Law Offices of Edna L. Caruso, P.A., West Palm Beach, amicus curiae for Academy of Florida Trial Lawyers.
OVERTON, Justice.
This is a petition to review Byrd v. Lohr, reported at 488 So.2d 138 (Fla. 5th DCA 1986), in which the Fifth District Court of Appeal held that punitive damages may be charged against a tortfeasor's estate. The district court expressed concern with its holding and certified the following question as one of great public importance:
MAY PUNITIVE DAMAGES BE AWARDED AGAINST A DECEASED TORTFEASOR'S ESTATE?
*846 488 So.2d at 140. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question in the negative and hold that a decedent's innocent heirs should not be punished when the wrongdoer is unavailable because of death. In so holding, we join the majority of jurisdictions in this country that have considered this issue.
The relevant facts reflect that Robert Lohr caused an automobile accident in which he was killed and the plaintiff, Byrd, was injured. Robert Lohr was intoxicated at the time of the accident, and Byrd sued Lohr's estate, seeking compensatory and punitive damages for injuries sustained in the accident. At trial, the defense unsuccessfully moved for a directed verdict on the question of punitive damages. Subsequently, the jury returned a verdict in favor of Byrd for $31,000 in compensatory and $25,000 in punitive damages. The trial court granted Lohr's estate's motion for remittitur of the punitive damages and reduced the damages to $9,000 in order to avoid dissipation of the estate's assets. Byrd rejected the offer of remittitur, and the trial court entered an order granting a new trial on damages. Byrd appealed, challenging the remittitur, and Lohr cross-appealed, challenging the allowance of the award of punitive damages against the estate.
The Fifth District Court of Appeal determined it was bound by our decision in Atlas Properties, Inc. v. Didich, 226 So.2d 684 (Fla. 1969). In Atlas Properties, this Court was considering the right of an estate of a decedent who was killed in an accident to recover punitive damages from the living tortfeasor. We were interpreting our survival statute in existence at that time, which is now included in section 46.021, Florida Statutes (1985). In holding that the estate could recover punitive damages from the living tortfeasor, we stated that the "clear language" of the survival statute indicating that "[n]o ... action shall die with the person" was intended to preserve an individual's right to full compensation for injuries after the injured person's death. Id. at 689. In so holding, we stated:
It appears that logic and common sense indicate that this Court should now ... allow the recovery of punitive damages under [the survival statute]. This appears to be true regardless of whether it is the tortfeasor or the injured party who dies. Certainly, this logic is more apposite when it is the injured party who dies (as we have here) rather than the actual tortfeasor.
Id. at 688 (emphasis supplied).
Although it felt bound by our decision in Atlas Properties, the Fifth District Court of Appeal determined it was unreasonable to impose punitive damages in these circumstances. The court stated:
The punishment actually is inflicted upon his heirs. Separation of the "punitive" and "exemplary" aspects of such awards is unjustified because general deterrence logically depends upon the perception of punishment suffered by the wrongdoer. When that punishment is diffused and unjustly inflicted upon the innocent, through a doctrine analogous to attainder, the deterrent effect is frustrated. It is unrealistic to suppose that such awards deter other prospective tortfeasors, especially if the criminal laws fail to do so.
Byrd v. Lohr, 488 So.2d 138, 139 (Fla. 5th DCA 1986) (emphasis added). We agree. The statement relied on by the Fifth District in Atlas Properties is dicta. Collecting punitive damages from a tortfeasor's estate was clearly not an issue in that case, and the respective arguments and public policy ramifications were never presented to this Court for resolution.
The majority of jurisdictions in this country have rejected imposing punitive damages under these circumstances. See, e.g., In the Matter of GAC Corp., 681 F.2d 1295 (11th Cir.1982); Barnes v. Smith, 305 F.2d 226 (10th Cir.1962); Thompson v. Petroff's Estate, 319 N.W.2d 400 (Minn. 1982); Allen v. Anderson, 93 Nev. 204, 562 P.2d 487 (1977).
First, it must be understood that the plaintiffs have already been compensated for their injuries and are now seeking damages solely as punishment for the decedent's *847 misconduct. The plaintiff below, Byrd, recognizes the absence of anyone to punish, but justifies imposing punitive damages on a deterrence rationale, seeking our approval for the reasoning stated in Stephens v. Rohde, 478 So.2d 862, 863 (Fla. 1st DCA 1985), which says:
[I]f a potential tortfeasor realizes that his estate is liable to diminishment by punitive damages awards, as is his own purse while he lives, this provides an additional incentive to avoid tortious conduct.
Accepting this argument would result in our adopting a principle that would allow a decedent's widow and children to be placed on welfare for the decedent's wrong. Additionally, the view expressed in that opinion would also punish innocent creditors of a decedent's estate. Further, this view would be totally inconsistent with our holding in Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981). We stated in Mercury Motors:
Punitive damages, however, go beyond the actual damages suffered by an injured party and are imposed only as a punishment of the defendant and as a deterrent to others... . Before an employer may be held vicariously liable for punitive damages under the doctrine of respondeat superior, there must be some fault on his part.

Id. at 549 (emphasis added). Recognizing that we are speaking about damages over and above compensatory damages, it appears that if the reasoning in Mercury Motors applies to an innocent employer who is not at fault, that same reasoning should also apply to innocent heirs who are not at fault.[*]
In Carraway v. Revell, 116 So.2d 16 (Fla. 1959), we discussed punitive damages and stated they had "as a basic purpose the punishment of the offender ... not as compensation to the injured party but as punishment." Id. at 20 (emphasis added). If deterrence is justified in this instance, it would also be justified to require a decedent's family to pay a fine or be imprisoned for the decedent's criminal conduct. With the wrongdoer dead, there is no one to punish, and to punish the innocent ignores our basic philosophy of justice.
We find that logic, common sense, and justice dictate that this Court follow the majority of jurisdictions in this country and reject the imposition of punitive damages upon innocent heirs or creditors of a decedent's estate.
Accordingly, we answer the certified question in the negative, quash the district court's decision, and remand for further proceedings in accordance with the views expressed herein.
It is so ordered.
McDONALD, C.J., and EHRLICH and SHAW, JJ., concur.
GRIMES, J., dissents with an opinion, in which BARKETT and KOGAN, JJ., concur.
GRIMES, Justice, dissenting.
While there has been some abuse in the imposition of punitive damages, as long as Florida recognizes them, I cannot see why their recovery should be prohibited simply *848 because of the fortuity that the tortfeasor has died.
In interpreting the survival statute in Atlas Properties, Inc. v. Didich, 226 So.2d 684 (Fla. 1969), this Court said:
It appears that logic and common sense indicate that this Court should now ... allow the recovery of punitive damages under [the survival statute]. This appears to be true regardless of whether it is the tortfeasor or the injured party who dies. Certainly, this logic is more apposite when it is the injured party who dies (as we have here) rather than the actual tortfeasor.
Id. at 688 (emphasis supplied).
Thus, it is clear that we previously spoke on the issue before us, albeit in dictum. In addition to the court below, two other district courts of appeal have also squarely ruled the same way. Stephens v. Rohde, 478 So.2d 862 (Fla. 1st DCA 1985), review denied, 488 So.2d 832 (Fla. 1986); Johnson v. Rinesmith, 238 So.2d 659 (Fla. 2d DCA 1969), cert. denied, 241 So.2d 857 (Fla. 1970). The majority of other jurisdictions do not permit the recovery of punitive damages upon the death of the tortfeasor. However, most of them have done so on the basis of a statute which explicitly precludes such recovery or on premises which do not involve the interpretation of a survival statute. See Hofer v. Lavender, 679 S.W.2d 470 (Tex. 1984), in which the Texas Supreme Court made a comprehensive analysis of the positions of the various states and opted for the rule that punitive damages could be recovered against a deceased tortfeasor's estate. Accord Perry v. Melton, 299 S.E.2d 8 (W. Va. 1982); National Bank v. Norfolk & Western Ry., 73 Ill.2d 160, 23 Ill.Dec. 48, 383 N.E.2d 919 (1978).
Under English common law, no damages of any kind were recoverable against a tortfeasor's estate. Waller v. First Savings & Trust Co., 103 Fla. 1025, 138 So. 780 (1931). However, by the 1930's, Florida's earlier survival statute had been interpreted to mean that compensatory damages could be recovered from the estate of the tortfeasor. See Atlas Properties. The language of the current survival statute[*] makes it even clearer that the death of the tortfeasor does not preclude the recovery of damages from his estate. Since the recovery of punitive damages has long been permitted in Florida and because the survival statute makes no distinction between compensatory and punitive damages, the strict wording of the statute leads to the conclusion that punitive damages may be recovered from the tortfeasor's estate.
The argument against imposing punitive damages against the estate of a deceased tortfeasor is grounded on the proposition that if the tortfeasor is dead, he is no longer subject to punishment. However, the justification for punitive damages is not only to punish the wrongdoer but also to serve as an example which will deter others from engaging in similar conduct. Campbell v. Government Employees Insurance Co., 306 So.2d 525 (Fla. 1974). While the punishment may be less when the wrongdoer dies, it nonetheless exists because his estate is reduced as a result of his misconduct. The deterrence to others is totally unaffected by the death of the wrongdoer. In fact, the warning may be greater if one knows that even his death will not serve to insulate his estate from liability for his misconduct. Thus, "if a potential tortfeasor realizes that his estate is liable to diminishment by punitive damages awards, as is his own purse while he lives, this provides an additional incentive to avoid tortious conduct." 478 So.2d at 863.
The suggestion that our ruling penalizes the heirs of the deceased tortfeasor is beside the point because it is based on the artificial notion that it makes a difference when the tortfeasor dies. If he dies the day after a judgment for punitive damages is entered against him, his heirs are surely *849 penalized. Why should it be different if he dies the day before the judgment? Awards of punitive damages are limited to cases involving outrageous conduct of a wilful and wanton nature. American Cyanamid Co. v. Roy, 498 So.2d 859 (Fla. 1986). However, when such conduct occurs, the recovery of punitive damages should not be precluded because of the untimely death of the tortfeasor.
I respectfully dissent.
BARKETT and KOGAN, JJ., concur.
NOTES
[*] A law review note on the Fifth District's decision in Byrd v. Lohr, 488 So.2d 138 (Fla. 5th DCA 1986), also rejects punitive damages in these circumstances and comes to this conclusion:

Traditionally, Florida courts have allowed punitive damages to be assessed in cases where a punitive award will deter future tortious conduct or punish a wrongdoer. Neither of these goals is furthered by a punitive award in the case of Byrd where the tortfeasor cannot be punished beyond his death. Nor is a punitive sanction like that in Byrd likely to deter others from wrong conduct if they are unaware that the sanction exists or are unable to control or modify their conduct. If the Florida Supreme Court permits a punitive damage award in Byrd, then the court should buttress its holding with a justification more cogent than either punishment or deterrence. Not only will these rationales not support a punitive award against a deceased tortfeasor's estate, they will only serve as a disguise for the court's real reasons for granting an award that saddles innocent heirs with an unjust penalty and the public with higher insurance premiums.
Note, "The Florida Supreme Court Is Asked to Decide Whether Punitive Damages May Be Awarded Against a Deceased Tortfeasor's Estate  Byrd v. Lohr, 488 So.2d 138 (Fla. 5th DCA)," 15 Fla.St.U.L.Rev. 375, 387 (1987).
[*] Actions; surviving death of party.  No cause of action dies with the person. All causes of action survive and may be commenced, prosecuted, and defended in the name of the person prescribed by law. (Emphasis added.)