Jane DOE, on her own Behalf and on Behalf of her minor son, John Doe, Petitioner,

v.

Doris COLLIGAN, personal representative of the Estate of Dennis Colligan, Respondent.

No. S–2119.

Supreme Court of Alaska.

April 22, 1988.

Rehearing Denied May 18, 1988.

Robert H. Wagstaff, Anchorage, for petitioner.

Louis R. Veerman and Eric P. Gillett, Guess & Rudd, Anchorage, for respondent.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

**1.** Alaska Statute 09.55.570 provides:
*All causes of action survive.* All causes of action by one person against another, whether arising on contract or otherwise, except those

OPINION

RABINOWITZ, Justice.

This appeal presents the question whether an injured person may recover punitive damages against the estate of a deceased tortfeasor. The superior court concluded that the victim could not recover punitive damages. We affirm.

## I. *FACTS AND PROCEEDINGS.*

John Doe was in kindergarten when his father died. His mother enrolled him with Big Brothers/Big Sisters of Anchorage, Inc. In 1978, Big Brothers matched then nine-year-old Doe with Dennis Colligan. In 1985, Doe revealed that Colligan sexually abused him during their relationship. Colligan committed suicide shortly thereafter.

Doe and his mother filed a complaint against Colligan's personal representative and Big Brothers/Big Sisters seeking compensatory and punitive damages against each. The superior court entered partial judgment on the pleadings and dismissed Doe's claim for punitive damages against Colligan's estate. Thereafter we granted Doe's petition for review.

## II. *MAY AN INJURED PERSON RECOVER PUNITIVE DAMAGES FROM THE ESTATE OF A DECEASED TORTFEASOR?*

Doe argues that Alaska's survival statute, liberally construed, preserves his right to recover punitive damages from Colligan's estate. He reasons that the imposition of punitive damages is justified by their deterrent effect on other potential tortfeasors. Colligan's estate contends that punitive damages are primarily intended to punish the wrongdoer and to deter him from similar conduct in the future; since Colligan's demise precludes any punishment or deterrence, Doe should not recover punitive damages.

Alaska's survival statute explicitly provides that plaintiff's cause of action survives against defendant's personal representative. AS 09.55.570.[1] However, the

involving defamation of character, survive to the personal representatives of the former and against the personal representatives of the latter, but this shall not be construed so as

statute is silent as to the measure of damages available.[2] Although we have yet to address the question whether death of the tortfeasor prohibits an award of punitive damages, we have said that the purpose of punitive damages is "not only to punish the wrongdoer, but also to deter him and others like him from similar wrongdoing in the future." *Sturm, Ruger & Co. v. Day,* 594 P.2d 38, 47 (Alaska 1979), *modified on reh'g,* 615 P.2d 621 (1980), *cert. denied,* 454 U.S. 894, 102 S.Ct. 391, 70 L.Ed.2d 209 (1981).[3] There is a split of authority among the courts of other jurisdictions as to whether punitive damages are recoverable against a deceased tortfeasor's estate. The majority deny punitive damages.[4] These courts reason that punitive damages are intended to punish the wrongdoer and

to make an example of him. *E.g., Evans v. Gibson,* 220 Cal. 476, 31 P.2d 389, 395 (1934). Death of the tortfeasor renders meaningless the punitive aspect of damages. *Id.* Several courts take the position that the exemplary purpose of punitive damages is not well served by imposing damages on anyone other than the actual wrongdoer. *Id.; Thompson v. Estate of Petroff,* 319 N.W.2d 400, 408 (Minn.1982); *Marcante v. Hein,* 51 Wyo. 389, 67 P.2d 196, 202–03 (1937). Therefore, they reason, punitive damages are not recoverable against the estate of the deceased tortfeasor. *Accord* Restatement (Second) of Torts § 908 comment a (1979).[5]

A minority of jurisdictions permit recovery of punitive damages after the tortfeasor's death.[6] These courts focus on the

to abate an action for a wrong where any party has died after the verdict or to defeat or prejudice the right of action given by AS 09.-15.010. The personal representative may maintain an action thereon against the party against whom the cause of action accrued, or, after the party's death, against the personal representatives of the party.

**2.** Punitive damages do not constitute a cause of action. "Damages constitute the relief which the law affords for the invasion of [a] right ... the relief being limited by the measure of the damage which the law prescribed." *Hartzell v. Myall,* 115 Cal.App.2d 670, 252 P.2d 676, 681 (1953). *See also Oklahoma City v. Hopcus,* 174 Okl. 186, 50 P.2d 216, 218 (1935) ("injury" denotes the legal wrong to be redressed while "damages" is the scale or measure of recovery as amends for the wrong).

"*A cause of action must be distinguished ... from the remedy* which is simply the means by which the obligation or corresponding duty is effectuated *and also from the relief sought.*" *Venuto v. Owens–Corning Fiberglas Corp.,* 22 Cal.App.3d 116, 99 Cal.Rptr. 350, 355 (1971). *Accord Merlino v. West Coast Macaroni Mfg. Co.,* 90 Cal.App.2d 106, 202 P.2d 748, 754 (1949); *United States v. Smelser,* 87 F.2d 799, 800 (5th Cir.1937); *Tonn v. Inner Shoe Tire Co.,* 260 S.W. 1078, 1080–81 (Tex.Civ.App.1924). Punitive damages are a form of relief, not a cause of action.

**3.** Outrageous conduct—the product of malice, bad motives, or reckless indifference to the interests of another—may justify an award of punitive damages against a living tortfeasor. *Sturm, Ruger & Co.,* 594 P.2d at 46. Punitive damages are also recoverable in a wrongful death action when there is clear evidence that the wrongdoer acted maliciously; death of the injured party does not affect the general rule.

*Tommy's Elbow Room v. Kavorkian,* 727 P.2d 1038, 1048–49 (Alaska 1986); AS 09.55.580(a).

**4.** The following courts refuse to award punitive damages against a deceased tortfeasor's estate: *Barnes v. Smith,* 305 F.2d 226, 231 (10th Cir. 1962) (New Mexico law); *Braun v. Moreno,* 11 Ariz.App. 509, 466 P.2d 60, 62–63 (1970); *Evans v. Gibson,* 220 Cal. 476, 31 P.2d 389, 395 (1934); *Thompson v. Estate of Petroff,* 319 N.W.2d 400, 408 (Minn.1982); *Allen v. Anderson,* 93 Nev. 204, 562 P.2d 487, 489–90 (1977); *McAdams v. Blue,* 3 N.C.App. 169, 164 S.E.2d 490, 494 (1968); *Morriss v. Barton,* 200 Okl. 4, 190 P.2d 451, 459–60 (1947); *Hayes v. Gill,* 216 Tenn. 39, 390 S.W.2d 213, 217 (1965); *Dalton v. Johnson,* 204 Va. 102, 129 S.E.2d 647, 650–51 (1963); *Marcante v. Hein,* 51 Wyo. 389, 67 P.2d 196, 202–03 (1937).

**5.** The Nevada Supreme Court ruled that a survival statute which authorized an award of punitive damages "as may be fair and just" did not permit a punitive damages award against a tortfeasor's estate. *Allen v. Anderson,* 93 Nev. 204, 562 P.2d 487, 489–90 (1977). The court essentially ruled as a matter of law that it is neither fair nor just to award punitive damages against an estate. *See also Braun v. Moreno,* 11 Ariz. App. 409, 466 P.2d 60, 62–63 (1970); *Thompson,* 319 N.W.2d at 408.

**6.** The following jurisdictions permit the recovery of punitive damages against the estate of a deceased tortfeasor: *Ellis v. Zuck,* 546 F.2d 643, 644–45 (5th Cir.1977) (Alabama law); *Atlas Properties v. Didich,* 226 So.2d 684, 687–88 (Fla. 1969) (dicta); *Byrd v. Lohr,* 488 So.2d 138, 138–39 (Fla.App.1986) (reluctantly following *Didich* ); *Stephens v. Rohde,* 478 So.2d 862, 863 (Fla.App.1985) (following *Didich* ); *Hofer v.*

deterrent, or exemplary, nature of punitive damages. *E.g., Hofer v. Lavender,* 679 S.W.2d 470, 472–75 (Tex.1984). Some of these courts also note that punitive damages provide additional compensation to victims for remote losses, inconvenience, and attorney's fees. *Id.; Perry v. Melton,* 299 S.E.2d 8, 12 (W.Va.1982). They assume that potential tortfeasors will be deterred by the knowledge that their estates may be liable for punitive damages.[7]

We follow the better reasoned decisions and hold that an injured party may not recover punitive damages from the estate of a deceased tortfeasor under AS 09.55.-570. The central purpose of punitive damages is to punish the wrongdoer and to deter him from future misconduct. The concomitant goal of general deterrence depends significantly upon the punishment function of an award of punitive damages. Since the deceased tortfeasor cannot be punished, the general deterrent effect becomes speculative at best and thus, in our view, falls short of furnishing a justifiable ground for an award of punitive damages against the tortfeasor's estate.[8]

AFFIRMED.

BURKE, Justice, dissenting.

I dissent.

I think it is wrong for us to assume that punitive damages serve only to punish and deter *the wrongdoer.* For more than a decade, this court has recognized that punitive damages are assessed, partly, as an "example and warning to others." *Alaska Placer Co. v. Lee,* 553 P.2d 54, 61 (Alaska 1976). Thus, we have said that punitive damages are "designed not only to punish the wrongdoer, but also to deter him *and others like him,* from similar wrongdoing in the future." *Sturm, Ruger & Co. v. Day,* 594 P.2d 38, 47 (Alaska 1979) (empha-

sis added). Indeed, this probably is the primary purpose of such an award. *See Gavica v. Hanson,* 101 Idaho 58, 608 P.2d 861, 864 (1980) (while a form of punishment, the primary purpose behind an award of punitive damages is one of deterrence).

If the legislature intended not to allow a victim's claim for punitive damages to survive the death of the tortfeasor, when it enacted AS 09.55.570, such intent is not apparent to me. Accordingly, I would reverse. I would hold that punitive damages are recoverable against the estate of the deceased tortfeasor, unless and until the legislature says otherwise. To date, it has not done so.

7. *See Stephens v. Rohde,* 478 So.2d 862, 863 (Fla.App.1985); *but see Byrd v. Lohr,* 488 So.2d 138, 139 (Fla.App.1986) (unrealistic to think that a possible punitive damage award will deter others when the prospect of criminal prosecution does not).

8. We reject Doe's ethical-cultural argument that the "sins" of the deceased tortfeasor should be visited upon his children and family. In our view there is no social benefit to be derived from a rule which would permit the punishment of the estate and the heirs of the deceased tortfeasor.