# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ALBERT D. MASSI, AN INDIVIDUAL,<br>Appellant,<br>vs.<br>DONALD NOBIS; AND MARY NOBIS,<br>AS INDIVIDUALS,<br>Respondents. | No. 68483 |
| ALBERT D. MASSI, AN INDIVIDUAL,<br>Appellant,<br>vs.<br>DONALD NOBIS; AND MARY NOBIS,<br>AS INDIVIDUALS,<br>Respondents. | No. 68719 |

**FILED**

APR 1 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING (DOCKET NO. 68483), AND VACATING (DOCKET NO. 68719)

These are appeals from a district court summary judgment (Docket No. 68483) and a post-judgment award of costs (Docket No. 68719) in a contract action. Eighth Judicial District Court, Clark County; James Crockett, Judge.

*Docket No. 68483*

The parties agreed to dismiss a previous action as a result of a settlement agreement entered into before the district court judge. Under the agreement, respondents agreed to transfer their interest in certain property to appellant in exchange for dismissal. Prior to entering into that settlement agreement, respondents represented to appellant that they had originally invested $500,000 in one of the properties, when in fact, they had only invested $250,000. Appellant brought the underlying action and the district court converted respondents' NRCP 12(b)(5) motion to dismiss to a motion for summary judgment before granting the motion.

16-11857

The district court properly converted the motion to dismiss to a motion for summary judgment as the court considered evidence outside of the pleadings. *See* NRCP 12(b) (providing that if the court considers matters outside of the pleadings in reviewing an NRCP 12(b)(5) motion, "the motion shall be treated as one for summary judgment"). The district court also properly granted respondents summary judgment on appellant's breach of contract, unjust enrichment, and punitive damages causes of action. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (explaining that this court reviews a district court's order granting summary judgment de novo). There is no genuine issue of material fact regarding whether respondents' original investment was made a material term of the settlement agreement as it was not included in the recitation of the settlement agreement accepted by the district court judge. *Massi v. Nobis*, Docket No. 66001 (Order of Affirmance, Feb. 26, 2016). And respondents have transferred their interest in the subject property as required by the settlement agreement. Additionally, punitive damages is not a cause of action, but a remedy, and as a remedy, such damages may still be available on any remaining causes of action. *See Doe v. Colligan*, 753 P.2d 144, 145 n.2 (Alaska 1988) ("Punitive damages do not constitute a cause of action."). Thus, we affirm the district court's summary judgment regarding appellant's causes of action for breach of contract, unjust enrichment, and punitive damages.

We conclude, however, that the district court erred in granting summary judgment concerning appellant's causes of action for negligent misrepresentation and fraud, intentional misrepresentation, and fraudulent concealment because genuine issues of material fact exist regarding these claims. *Wood*, 121 Nev. at 729, 121 P.3d at 1029. While

the district court granted summary judgment on the fraud-based claim because the original investment amount was not a material term to the settlement agreement, the district court erred in doing so because even if the amount was not a material term to the agreement, it may still have been a material fact underlying the parties' agreement. *See Nelson v. Heer*, 123 Nev. 217, 225, 163 P.3d 420, 426 (2007) (outlining the factors for intentional misrepresentation and providing that "the suppression or omission of a material *fact*" can constitute a false representation (internal quotation omitted and emphasis added)).

Appellant provided the district court with declarations of value signed by respondents providing that their interest in the subject property was $500,000 and alleged that he would not have entered into the agreement if he had known it was less. And while appellant had already invested in the same property, it is unclear from the evidence in the record whether such an investment would prevent appellant from justifiably relying on respondents' representation regarding their interest. *See Collins v. Burns*, 103 Nev. 394, 397, 741 P.2d 819, 821 (1987) (explaining that a lack of justifiable reliance bars recovery for the opposing party's intentional misrepresentation). Because genuine issues of material fact exist concerning appellant's causes of action for negligent misrepresentation and fraud, intentional misrepresentation, and fraudulent concealment, we reverse the district court's summary judgment of those claims and remand this matter to the district court for proceedings consistent with this order.

*Docket No. 68719*

In light of our decision to reverse in part the district court's summary judgment order, we vacate the district court's award of costs to



respondents as the prevailing parties under NRS 18.020(3) that is being challenged in Docket No. 68719.

It is so ORDERED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:    Hon. James Crockett, District Judge
       Lansford W. Levitt, Settlement Judge
       Cap & Kudler
       Hutchison & Steffen, LLC
       Eighth District Court Clerk