JOHN A. GIDNEY, RECEIVER OF NEVADA VENTURES LEASING COMPANY, A NEVADA LIMITED PARTNERSHIP, APPELLANT, v. HERBERT A. MERRIAN, RESPONDENT.

No. 12004

January 28, 1982                    639 P.2d 536

*Paul J. Williams,* Reno, for Appellant.

*Rickdall & Shulman,* Las Vegas, for Respondent.

## OPINION

By the Court, ZENOFF, SR. J.:[1]

This is an appeal from a judgment awarding respondent $1,140.00 in general and special damages, and $22,500.00 in punitive damages, for the wrongful repossession of respondent's vehicle.

Appellant raises numerous contentions, including: (1) that the court erred in determining that appellant wrongfully repossessed the car; (2) that the court erred in determining that appellant made fraudulent demands upon respondent; (3) that the court erred in finding no evidence that appellant ever acquired the rights of an assignee to the car; (4) that the award of punitive damages was excessive and without support; and (5) that punitive damages cannot be awarded against a corporation in receivership.

The record clearly supports the finding of wrongful repossession and of fraudulent behavior on the part of appellant. It is well established that we will not disturb a determination by the

[1]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON M. BATJER, Justice, retired. Nev. Const., art. 6, § 19(1)(c); SCR 10.

lower court when it is supported, as here, by substantial evidence. Clark Co. Sports v. City of Las Vegas, 96 Nev. 167, 606 P.2d 171 (1980); Sievers v. Diversified Mtg. Investors, 95 Nev. 811, 603 P.2d 270 (1979). Furthermore, appellant's contention that the court erred in finding no evidence of proper assignment is without merit.

On the issue of punitive damages, however, we are concerned that the award of $22,500.00, almost twenty times the amount of the compensatory damages, may work an injustice under the particular circumstances of this case. From the record, it appears that the responsible entity, a limited partnership, is in the hands of a receiver. The record does not reflect the reason for, or the circumstances of, that receivership.

In Lane v. Schilling, 279 P. 267 (Or. 1929), the supreme court of Oregon refused to uphold an award of punitive damages against a bank in receivership. The court noted, *id.* at 269:

> The effect of allowing the plaintiff to recover punitive damages in this case would be to compel bona fide creditors and innocent depositors to pay not only the claim of plaintiff, not only his reasonable proportion of the assets of the bank, but, in addition to that, a sum of money as exemplary damages to which he is not entitled as a matter of right and compensation, and thereby fine and punish other creditors, and make plaintiff a preferred creditor beyond the extent of his actual damages.

The Oregon court noted that the situation of the receiver was analogous to that of the administrator of an estate, and suggested that to award punitive damages against either would be to impose vicarious punishment. *Id.* at 270.

We have similarly emphasized that a "plaintiff is never entitled to punitive damages as a matter of right." Nevada Cement Co. v. Lemler, 89 Nev. 447, 451, 514 P.2d 1180, 1182 (1973). And in Allen v. Anderson, 93 Nev. 204, 562 P.2d 487 (1977), we refused to read Nevada's survival statute so as to authorize an award of punitive damages against the estate of a deceased tort-feasor, reasoning that since the deceased tort-feasor can in no way be punished by the award of punitive damages, there is no reason for allowing such damages to be assessed. *Id.* at 208, 562 P.2d at 489-90.

While we recognize that there are "no objective standards by which the monetary amount [of a punitive damage award] can be calculated", Caple v. Raynel Campers, Inc., 90 Nev. 341, 344, 526 P.2d 334, 336-37 (1974), we have also pointed out that

equitable factors should be taken into account. *See, e.g.,* Nevada Cement v. Lemler, *supra* (remand for reevaluation). We are of the view that the case must be remanded for such further proceedings as the trial court may find necessary to inform itself of the reason for and the circumstances surrounding the receivership, and for a subsequent reevaluation of the punitive damage award in light of such circumstances.

The judgment insofar as it awards compensatory damages to respondent is affirmed. Insofar as it awards punitive damages to respondent, it is reversed and remanded for futher proceedings consistent with this opinion.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOW-BRAY, JJ., concur.