TRANSAMERICA INSURANCE COMPANY, Appellant, *v.* C. B. CONCRETE COMPANY, a Nevada Corporation, Respondent.

No. 14400

September 27, 1983                    669 P.2d 246

---

[1] Justice Thomas L. Steffen has voluntarily recused himself in this matter.

678

Cromer, Barker, Michaelson, Gillock & Rawlings, Las Vegas, and *Ken Bick,* Reno, for Appellant.

*Hill, Cassas, deLipkau & Erwin,* and *Frank Thompson,* Reno, for Respondent.

## OPINION

*Per Curiam:*

The facts of this case are quite simple: Transamerica wrote a contractor's license bond in the sum of $5,000.00 for B.J.A. Development Corporation. On February 20, 1981, Cain and Milner, dba Commercial Colour, obtained a judgment against B.J.A. Development and Transamerica for $5,230.63. On May 1, 1981, Transamerica paid on the judgment the full amount of its bond liability, $5,000.00. On the same day respondent C. B.

Concrete, another claimant against B.J.A. Development, served process on Transamerica by delivering a copy of a summons and complaint on the state insurance commissioner.[1] Such process is complete when a copy is mailed by certified mail to the entity served. NRS 680A.260(2). The record is silent as to when on May 1st the commissioner was served and as to when service was complete by the required mailing. It is also silent as to what time of day payment was made to the judgment creditors. It is not known whether payment was made before or after completion of service. Transamerica did not *receive* the summons and complaint until May 7, 1981.

On the basis of the foregoing facts both Transamerica and C. B. Concrete moved for summary judgment. The trial court granted C. B. Concrete's motion and awarded $3,249.46 as C. B. Concrete's pro-rata entitlement to the $5,000.00 bond sum. Transamerica appeals.

The trial court based its ruling on a finding that service of process on the commissioner of insurance constituted notice to Transamerica of C. B. Concrete's claim. Even if the service of process on the commissioner placed Transamerica on notice of C. B. Concrete's claim, since the record does not disclose whether service was complete before the payment of the $5,000.00 bond, the court erred in granting a summary judgment to C. B. Concrete.

The trial court also erred in not granting summary judgment to Transamerica because, on the above facts, Transamerica is entitled to judgment as a matter of law whether or not service was completed prior to payment. It is clear from the record that Transamerica was not put on notice of C. B. Concrete's claim prior to its payment of $5,000.00 on the judgment and the consequent exhaustion of the $5,000.00 bond limit.

NRS 624.273(7) provides that claims against a bond have equal priority and that if the bond is insufficient to pay all claims in full, claims must be paid pro-rata.

■■■■■■

A bonding company can hardly be expected to pay claimants whose claims are not known to it. A surety is not a trustee for all claimants and is not under a duty to ascertain the identities

[1]NRS 680A.250(1) requires all foreign insurance companies that conduct business within the State of Nevada to appoint the commissioner of insurance "as its attorney to receive service of legal process issued against the insurer in this state." A claimant is precluded from accomplishing service of process on a foreign insurer in any other manner. NRS 680A.250(3). Upon receipt of such service, the commissioner is required to forward a copy of the legal process to the insurer by certified mail. Service of process is not complete until the copy has been so mailed. NRS 680A.260(2).

of all present and possible future claimants in order to insure that a pro-rata distribution is made. If a claimant seeks to enjoy the proceeds of a bond established for his benefit, it is incumbent upon the claimant to affirmatively assert his rights to that bond. If he does not do so and a surety, in good faith[2] and without knowledge of competing claimants, exhausts its liability under the bond by paying only those claimants that are known to it, its liability is extinguished. Southern Surety Co. v. Bender, 180 N.E. 198 (Ohio Ct.App. 1931).

Even if it were established that service of process of the C. B. Concrete claim was completed before the $5,000.00 payment on the judgment was made, Transamerica cannot be said to have had such notice of the C. B. Concrete claim as to preclude its good faith payment of the judgment and consequent extinction of its bond liability. Transamerica must actually be notified of C. B. Concrete's claim. Although service of process properly forwarded by the commissioner of insurance may be sufficient to initiate legal proceedings against the insurer, such service by itself does not "notify" the insurer of the claim until the forwarded process is received.

The point has been considered by other courts. In Home Life Ins. Co. v. Requeira, 243, So.2d 460 (Fla.App. 1970), *cert. denied,* 248 So.2d 170 (1971), the Florida Court of Appeals discussed a resident agent statute similar to Nevada's. In *Home Life* a beneficiary of a life insurance policy served copies of a summons and complaint on the state treasurer, ex officio the insurance commissioner. Pursuant to Florida law, a copy of the summons and complaint was to be promptly forwarded by certified mail to the out-of-state insurance carrier. Instead of sending the complaint to the carrier, it was mistakenly sent to plaintiff's attorney. Subsequently a default judgment was entered against the insurance company when it failed to appear. On appeal the court stated that since there was not strict compliance with the provisions of the statute there was insufficient service of process. The Florida court pointed out that the central purpose of service of process is notice and the aim of a service of process statute is in the receipt of the process. The court stated on page 461:

> But forwarding isn't the gravaman or aim of a service of process statute—receipt is. This is because, as we noted in a very similar, though not controlling case . . . "the essential purpose of process is notice, . . ."; and there can be no

<hr>

[2]NRS 624.273(4) mentions payment in "good faith" as a condition of reducing bond liability.

notice in the legal sense without receipt of process. Oftentimes, of course, circumstances defy ready delivery and receipt of process, hence the necessity for statutes providing for substituted or constructive service thereof; but by strict compliance with prescribed forwarding procedures in such cases the contemplated receipt is rendered reasonably likely, thus satisfying due process. Indeed, receipt may often be presumed, (citation omitted). *It follows, therefore, that notice, as contemplated by service of process, must be equated with, or predicated upon, actual or presumed receipt of such process, not upon transmittal thereof. Stated otherwise, the formalities of forwarding are not to accomplish forwarding itself, but rather are intended to reasonably assure receipt.*

(Emphasis added.)

It is unquestioned that Transamerica did not receive the summons and complaint until May 7, six days after it paid the $5,000.00 and exhausted its bond liability. Therefore it did not have notice of the C. B. Concrete claim when it paid the proceeds of the bond to Commerical Colour on May 1. There is nothing in the record to suggest that Transamerica acted other than in good faith in paying out its full bond liability. Transamerica is entitled to judgment as a matter of law; let judgment be entered accordingly.

Reversed.