THE NEW HAMPSHIRE INSURANCE COMPANY, Appellant, v. JAMES M. GRUHN and CONSTANCE G. GRUHN, Husband and Wife, Respondents.

No. 14662

October 28, 1983 670 P.2d 941

*Cromer, Barker, Michaelson, Gillock & Rawlings,* and *Ken Bick,* Reno, for Appellant.

*Wm. Patterson Cashill,* Reno, for Respondents.

## OPINION

*Per Curiam:*

Appellant New Hampshire Insurance Company issued a surety bond to The Realatorium, a mortgage company, in which it undertook to "pay all damages suffered by any person . . . by reason of any fraud, dishonesty, misrepresentation or concealment of material facts."[1] In this law suit, the trial court found that The Realatorium was guilty of fraudulent misrepresentation. The trial court awarded the plaintiffs $5,000 in punitive damages and ordered the insurance company to pay the punitive damage award "forthwith."

The company contends that its liability under the bond does not include an obligation to indemnify against punitive damages. The contention is correct, and we reverse, vacating the order requiring the insurance company to pay the $5,000 punitive sum.

To determine the scope of the coverage, we look to the language and purpose of the bond, and in doing so, to that of the statute. NRS 645B.030(2) provides that the surety is obligated to "pay all damages suffered."[2] The language of the bond was

---

[1] The bond was required of The Realatorium under NRS 645B.030 as a requisite for obtaining a license to transact business as a mortgage company.

[2] The provisions of NRS 645B.030 were revised in 1981. The language of the statute, in pertinent part, as it appeared when the bond was issued, read:

1. At the time of filing an application for a mortgage company's license, the applicant shall deposit with the commissioner a corporate surety bond payable to the State of Nevada, in an amount, to be

identical to that of the statute. The trial judge held that "all damages" included punitive damages which were awarded against the mortgage company. It does not. One does not "suffer" punitive damages. *See* Harper v. Home Insurance Co., 533 P.2d 559 (Ariz.Ct.App. 1973); Butler v. United Pacific Insurance Co., 509 P.2d 1184 (Or. 1973); Carter v. Agricultural Insurance Company, 72 Cal.Rptr. 462 (Ct.App. 1968). The policy behind punitive damages is to punish the wrongdoer for his conduct and to deter others from acting in a similar fashion. Bader v. Cerri, 96 Nev. 352, 609 P.2d 314 (1980); Northern Nev. Mobile Home v. Penrod, 96 Nev. 394, 610 P.2d 724 (1980); Allen v. Anderson, 93 Nev. 204, 562 P.2d 487 (1977); Caple v. Raynel Campers, Inc., 90 Nev. 341, 526 P.2d 334 (1974); Nevada Cement Co. v. Lemler, 89 Nev. 447, 514 P.2d 1180 (1973); Miller v. Schnitzer, 78 Nev. 301, 371 P.2d 824 (1962). For this reason punitive damages are not awarded to compensate the plaintiff for harm incurred. *Bader v. Cerri,* above; *Allen v. Anderson,* above.

Apart from the wording of the statute, a bond is required in order to provide a minimum source of funds for those who have suffered compensable losses. We have already noted that where claims agains a bond are asserted by more than one party, and that bond is insufficient to satisfy all claims in full, each claimant is entitled to a pro rata share of the bond proceeds. *See* Transamerica v. C. B. Concrete, 99 Nev. 677, 669 P.2d 246 (1983); Homewood Investment Company, Inc. v. Moses, 96 Nev. 326, 608 P.2d 503 (1980). It is doubtful that the legislature intended for this pool to be diluted with awards for punitive damages at the expense of reducing the pro rata share of those claimants who have suffered pecuniary loss. Moreover, it is encumbent upon the party whose conduct was so outrageous as to merit punishment by means of punitive damages to bear the burden of paying the award. Only then will the

---

determined by the commissioner, no less than $25,000, and executed by a corporate surety satisfactory to the commissioner.

2. The bond must be in substantially the following form:

. . . .

Now, therefore, if the principal, his agents and employees, strictly, honestly and faithfully comply with the provisions of chapter 645B of NRS and pay all damages, suffered by any person by reason of the violation of any of the provisions of chapter 645B of NRS, or by reason of fraud, dishonesty, misrepresentation or concealment of material facts growing out of any transaction governed by the provisions of chapter 645B of NRS, then this obligation shall be void; otherwise to remain in full force and effect.

goal of punishment and deterrence be effectuated. This policy would be thwarted if the tortfeasor is able to skirt the award by passing the liability on to a surety. It cannot be said that the legislature intended to provide a means whereby a tortfeasor could avoid the penalty of paying punitive damages by allowing satisfaction to be sought from a surety. The purpose of NRS 645B.030 is to protect the public and not to protect the mortgage company.

Since the plaintiff does not "suffer" punitive damages within the meaning of NRS 645B.030(2), the order requiring New Hampshire Insurance Company to pay the $5,000 punitive sum to the Gruhns is reversed and vacated.