LARRY SIGGELKOW, Appellant, v. THE PHOENIX INSURANCE COMPANY, a Subsidiary of The Travelers Insurance Company, a Connecticut Corporation, Respondent.

No. 22702

February 4, 1993                                                           846 P.2d 303

*Crockett & Myers, Michael P. Villani* and *P. Sterling Kerr,* Las Vegas, for Appellant.

*M. Max Steinheimer,* Stockton, California, for Respondent.

## OPINION

*Per Curiam:*

Appellant Larry Siggelkow filed suit against his insurance company, respondent The Phoenix Insurance Company, a subsidiary of The Travelers Insurance Company (Travelers), for recovery of a punitive damage award against a third-party tortfeasor through Siggelkow's uninsured motorist coverage. We conclude that the district court's summary rejection of Siggelkow's attempt to recover the punitive award from his own insurer was proper.

### Facts

Siggelkow was injured when his car was hit head on by another car driven by Douglas Frei, an intoxicated motorist. Siggelkow filed a civil action against Frei, which culminated in a stipulated judgment of $8,000 in compensatory damages and $30,000 in punitive damages. The compensatory award was paid by Frei's insurance carrier, Allstate Insurance Company, and Siggelkow executed a covenant not to execute on the punitive award against Frei or Frei's insurance carrier.

In an effort to enforce the judgment for punitive damages, Siggelkow initiated an uninsured motorist claim against his own insurance company, Travelers.[1] Both parties filed motions for summary judgment; Travelers' motion was granted. On appeal, Siggelkow argues that he should be permitted to recover the punitive damage award from his own insurer through his uninsured motorist coverage. For reasons specified hereafter, we disagree.

### Discussion

"A grant of summary judgment is only appropriate where there are no genuine issues of fact to be resolved, and one party is

---

[1] Frei's insurance policy with Allstate provided for liability coverage in the amount of $15,000. Siggelkow's insurance policy through Travelers provided for $100,000 uninsured/underinsured motorist coverage.

entitled to judgment as a matter of law." NRCP 56(c); American Fed. Sav. v. County of Washoe, 106 Nev. 869, 871, 802 P.2d 1270, 1272 (1990). Moreover, "[w]here the parties do not dispute any material issues of fact, as here, the construction of an insurance policy raises solely a question of law." Nationwide Mut. Ins. Co. v. Moya, 108 Nev. 578, 582, 837 P.2d 426, 428 (1992).

An insurance policy is to be judged from the perspective of one not trained in law or in insurance, with the terms of the contract viewed in their plain, ordinary and popular sense. Nat'l Union Fire Ins. Co. v. Reno's Executive Air, 100 Nev. 360, 364, 682 P.2d 1380, 1382 (1984). A reading of the provision must include reference to the entire policy and be read as a whole in order to give reasonable and harmonious meaning to the entire policy. *Id.* at 364, 682 P.2d at 1383.

The policy provision at issue in this dispute provides in pertinent part:

**Part III—Protection Against Uninsured Motorists.**
**Coverage D—Uninsured Motorists (*Bodily Injury Only*).**

The company *will pay all sums* which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle *because of bodily injury sustained by the insured,* caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle.
. . .

(Emphasis added.) Siggelkow argues that since the language of the provision indicates that it "will pay all sums," his punitive damage award is covered and must be paid by Travelers.

The purpose of uninsured motorist coverage is to mitigate losses sustained by drivers and other insureds who are involved, through no fault of their own, in a collision with a driver who is inadequately insured or without insurance altogether. *See* California State Auto. Ass'n. Inter-Ins. Bureau v. Carter, 164 Cal.App.3d 257 (Cal.Ct.App. 1985).

Punitive damages, on the other hand, are not designed to compensate but rather to punish and deter oppressive, fraudulent or malicious conduct. *See* Ace Truck and Equip. Rentals, Inc. v. Kahn, 103 Nev. 503, 506, 746 P.2d 132, 134 (1987); *see generally* NRS 42.005; *see also* NRS 42.010. Punitive damages are not awarded as a matter of right to an injured litigant, but are awarded in addition to compensatory damages as a means of

punishing the tortfeasor and deterring the tortfeasor and others from engaging in similar conduct. Accordingly, a punitive damage award has as its underlying purpose public policy concerns unrelated to the compensatory entitlements of the injured party. *Kahn,* 103 Nev. at 506, 746 P.2d at 134.

> Punitive damages provide a means by which the community, usually through a jury, can express community outrage or distaste for the misconduct of an oppressive, fraudulent or malicious defendant and by which others may be deterred and warned that such conduct will not be tolerated. The allowance of punitive damages also provides a benefit to society by punishing undesirable conduct that is not punishable by the criminal law.

*Id.* "Moreover, it is incumbent upon the party whose conduct was so outrageous as to merit punishment by means of punitive damages to bear the burden of paying the award. Only then will the goal of punishment and deterrence be effectuated." New Hampshire Ins. Co. v. Gruhn, 99 Nev. 771, 773-74, 670 P.2d 941, 942 (1983).

NRS 687B.145(2) mandates that all insurance companies transacting motor vehicle insurance in Nevada offer uninsured and underinsured coverage to insureds who purchase policies covering the use of passenger cars. The goal of the statute is to provide insured drivers with protection against financial hardship resulting from injury caused by uninsured or underinsured drivers. NRS 687B.145(2) thus underscores and reflects Nevada's strong public policy in favor of maximizing the availability of indemnification for injuries arising from vehicular collisions. Hartz v. Mitchell, 107 Nev. 893, 822 P.2d 667 (1991).

In this instance, Siggelkow is seeking noncompensatory, punitive damages from the wrong party for reasons not comprehended by the statute. If punitive damages could be recovered from the innocent party's own insurer, the peculiar office of such damages would be distorted, misdirected, and expanded to the detriment of society at large. Responsibility for satisfying punitive awards would then shift from deserving tortfeasors to undeserving insured owners of vehicles in the form of higher insurance premiums.

Moreover, under the standard enunciated by this court in *Reno's Executive Air,* noted above, it would distort the plain meaning of the uninsured motorist provision limiting coverage to "bodily injury only" to extend the limitation to include punitive

damages. The Travelers policy defines bodily injury as "bodily injury, sickness or disease sustained by any person." We conclude that the only reasonable interpretation of this definition is that coverage exists only for bodily injury, sickness or disease sustained by an insured person.

We are not without kindred spirits among other courts that have considered the susceptibility of an insured's UM coverage for payment of punitive damages awarded against a third party.[2] Recently the Ohio Supreme Court declared, and we agree: "Under no construction can the language 'for bodily injury' be read to include punitive damages. Punitive damages are not awarded for bodily injury." State Farm Mut. Ins. Co. v. Blevins, 551 N.E.2d 955, 959 (Ohio 1990).

For reasons discussed above, we conclude that the more reasoned position is to limit uninsured motorist coverage to bodily injury damages which are compensatory in nature.

Accordingly, we affirm the district court's entry of summary judgment in favor of Travelers.[3]

---

[2]*Accord* Roman v. Terrell, 393 S.E.2d 83 (Ga. 1990); State Farm Mut. Ins. Co. v. Blevins, 551 N.E.2d 955 (Ohio 1990); Santos v. Lumbermens Mut. Cas. Co., 556 N.E.2d 983 (Mass. 1990); Aetna Casualty & Sur. Co. v. Craig, 771 P.2d 212 (Okla. 1989); State Farm Mut. Auto. Ins. Co. v. Wilson, 782 P.2d 727 (Ariz. 1989); State Farm Mut. Auto. Ins. Co. v. Mendenhall, 517 N.E.2d 341 (Ill. 1987); California State Auto. Ass'n Inter-Ins. Bureau v. Carter, 164 Cal.App.3d 257, 261 (Cal.Ct.App. 1985); State Farm Mut. Ins. Co. v. Daughdrill, 474 S.2d 1048 (Miss. 1985); Burns v. Milwaukee Mut. Ins. Co., 360 N.W.2d 61 (Wis. 1984); Braley v. Berkshire Mut. Ins. Co., 440 A.2d 359 (Me. 1982); Suarez v. Aguiar, 351 So.2d 1086 (Fla.Dist.Ct.App. 1977); Laird v. Nationwide Ins. Co., 134 S.E.2d 206 (S.C. 1964).

[3]The Honorable Miriam Shearing, Justice, did not participate in the decision of this matter.