129 F.3d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MGM GRAND HOTEL, INC., a Nevada corporation, Plaintiff-Appellant,
v.
CONTINENTAL INSURANCE COMPANY, a New Hampshire corporation,
Defendant-Appellee.
 No. 96-17073.
 United States Court of Appeals, Ninth Circuit.
 Argued anwd Submitted Nov. 3, 1997.
Decided Nov. 13, 1997.
 
 Appeal from the United States District Court for the District of Nevada David Warner Hagen, District Judge, Presiding
 Before: GOODWIN, ALARCON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 MGM Grand Hotel, Inc. appeals the order of the district court granting summary judgment in favor of Continental Insurance Company. The district court found that Continental satisfied its obligation under the performance bond it issued by paying MGM, the obligee, the costs of installing a conventional locking system in the MGM Grand Hotel after Cellular Control Systems Corporation of Nevada, the principal, defaulted on its promise to install a specialized, wireless locking system. We affirm.
 
 
 3
 A performance bond is a contract and must be construed according to the same rules that govern the interpretation of all contracts. Restatement (Third) of Suretyship and Guarantee: Interpretation of the Secondary Obligation § 14 (1995). Accordingly, where the provisions of a performance bond are clear and unambiguous, this Court must enforce the terms of the bond as written and may not impose a burden on the surety not contained in or clearly inferable from the express terms of the bond. 13 Couch on Insurance § 47.16 (2d rev. ed 1982); See also New Hampshire Insurance Co. v. Gruhn, 99 Nev. 771, 772, 670 P.2d 941, 942 (Nev.1993); Airlines Reporting v. U.S. Fidelity, 31 Cal.App. 4th 1458, 1461, 37 Cal.Rptr.2d 563, 565 (Cal.App. 6 Dist.1995).
 
 
 4
 The provisions of the Continental bond at issue in this case are clear and unambiguous on their face. The bond expressly limits Continental's liability, upon Cellular's default, to the costs of completing performance of the MGM/Cellular subcontract plus ten percent, as provided for in the subcontract to cover overhead expenses incurred as a result of a default.
 
 
 5
 Upon Cellular's default, Continental paid MGM the costs of completing substitute performance by Sargent Manufacturing plus ten percent. MGM now seeks consequential damages occasioned by Cellular's default. However, whereas consequential damages might be an appropriate remedy as against Cellular for breaching its obligations under the MGM/Cellular subcontract, MGM is not entitled to recover consequential damages from Continental under the express terms of the bond. The alleged impossibility of performance or of conforming performance, given MGM's special time constraints, does not expand the scope of the bond's coverage. The district court's determination that Continental fully satisfied its obligations under the express terms of the bond by paying for substitute performance plus ten percent was, therefore, proper.
 
 
 6
 Affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3