# IN THE SUPREME COURT OF THE STATE OF NEVADA

AUSTIN LEWIS, AN INDIVIDUAL,
Appellant,
vs.
MID-CENTURY INSURANCE
COMPANY,
Respondent.

No. 83079

FILED

SEP 28 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This appeal challenges a summary judgment in a breach of contract action. Second Judicial District Court, Washoe County; Kathleen M. Drakulich, Judge.[1] While appellant Austin Lewis was driving his off-road motorcycle on an off-road track, an underinsured driver caused an accident, injuring Lewis. Lewis filed a claim with his insurance provider, respondent Mid-Century Insurance Company (Mid-Century), seeking the underinsured motorist policy limits of $250,000; however, Mid-Century offered only the statutory minimum coverage of $25,000, asserting that an exclusion provision applied. Lewis filed a breach of contract action, after which the district court granted Mid-Century's motion for summary judgment and denied Lewis' cross motion for partial summary judgment. Lewis now appeals.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

22-30456

Lewis argues that the district court erred in determining that the exclusion applied because, at the very least, the provision was ambiguous as to whether it applied to his off-road motorcycle. Reviewing de novo, *see Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (holding that a summary judgment is reviewed de novo); *see also Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161, 252 P.3d 668, 672 (2011) (reviewing the interpretation of an insurance policy, which presents a legal question, de novo), we disagree.[2]

The insurance policy at issue provides that uninsured motorist (UIM) coverage for damages beyond the minimum UIM liability limits required by Nevada law "does not apply while occupying any vehicle owned by you or a family member for which insurance is not afforded under this policy or through being struck by that vehicle."[3] In arguing that this exclusion provision does not apply, Lewis focuses on the definition of "motor vehicle" in the UIM definition section and argues that it excludes his off-road motorcycle from the UIM exclusion provision:

> 2. Motor vehicle means a land motor vehicle or a
> trailer but does not mean a vehicle:

---

[2]The parties do not address whether the UIM exclusion provision is unenforceable on public policy grounds. *See, e.g.*, *Clark v. State Farm Mut. Auto. Ins. Co.*, 743 P.2d 1227, 1228 (Utah 1987) (noting public policy issues related to restricting UIM coverage). We therefore express no opinion on that matter.

[3]The parties do not dispute that Lewis' off-road motorcycle was "owned by [Lewis] or a family member," that insurance is not afforded for the off-road motorcycle under the policy, or that the off-road motorcycle is not listed on the policy's declaration page.

. . . .

> b.  Designed principally for use off public roads, including, but not limited to, dune buggies, go-carts, all terrain vehicles of two or more wheels, mini-bikes, farm tractors and other farm equipment, stock cars and all other racing cars, and all other vehicles of similar characteristics.

The exclusion provision, however, does not use the term "motor vehicle." Instead, the exclusion provision references "*any*" vehicle." The word "any" ordinarily means "one or some indiscriminately *of whatever kind*" or "used to indicate one selected *without restriction*." Merriam-Webster's Collegiate Dictionary 56 (11th ed. 2003) (emphases added); *see also Siggelkow v. Phoenix Ins. Co.*, 109 Nev. 42, 44, 846 P.2d 303, 304 (1993) (holding that we interpret an insurance policy "with the terms of the contract viewed in their plain, ordinary and popular sense"). Thus, the only reasonable interpretation of the exclusion provision is that it applies to a broader group of vehicles than "motor vehicles," including Lewis' off-road motorcycle. *See Century Sur. Co. v. Casino W., Inc.*, 130 Nev. 395, 398-99, 329 P.3d 614, 616 (2014) (holding that, to preclude coverage under an insurance policy's exclusion provision, the insurer must, in relevant part, "demonstrate that the interpretation excluding coverage is the only reasonable interpretation of the exclusionary provision"). For these reasons, we conclude that the policy did not create a reasonable expectation of coverage in the circumstances presented. *United Nat'l Ins. Co. v. Frontier Ins. Co.*, 120 Nev. 678, 684, 99 P.3d 1153, 1157 (2004) ("The question of whether an insurance policy is ambiguous turns on whether it creates reasonable expectations of coverage as drafted."). And thus, the district court did not err by finding that the policy's UIM exclusion provision unambiguously applied to Lewis,

such that he is barred from recovering under the policy in amounts exceeding the statutory minimum.[4] We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Silver

_____, J.
Cadish

_____, J.
Pickering

cc:    Hon. Kathleen M. Drakulich, District Judge
Jill I. Greiner, Settlement Judge
Galloway & Jensen
Lemons, Grundy & Eisenberg
Washoe District Court Clerk

---

[4]We decline to address Lewis' arguments regarding the parol evidence rule, given that the district court did not rely on the rule in its decision. *See 9352 Cranesbill Tr. v. Wells Fargo Bank*, 136 Nev. 76, 82, 459 P.3d 227, 232 (2020) (providing that "this court will not address issues that the district court did not directly resolve"); *Yellow Cab of Reno, Inc. v. Second Judicial Dist. Court*, 127 Nev. 583, 592 n.6, 262 P.3d 699, 704 n.6 (2011) (declining to address a legal issue that the district court did not reach).

SUPREME COURT
OF
NEVADA

(O) 1947A