**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT WOOD, et al., | No. 24-293, 24-551 |
| Plaintiffs-Appellants/Cross-Appellees, | D.C. No. 2:17-cv-02393-MMD-VCF |
| v. | |
| NAUTILUS INSURANCE CO., | MEMORANDUM* |
| Defendant-Appellee/Cross-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted April 7, 2025
San Francisco, California

Before:  S.R. THOMAS, PAEZ, and MILLER, Circuit Judges.

Robert Wood ("Wood") and Access Medical, LLC appeal, and their insurer,

Nautilus Insurance Company ("Nautilus"), cross appeals, the district court's

judgment in a diversity insurance coverage action.  We have jurisdiction pursuant

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

to 28 U.S.C. § 1291.  We review the district court's reasonableness finding for clear error.  *See Portland Gen. Elec. Co. v. Pac. Indem. Co.*, 574 F.2d 469, 471 (9th Cir. 1978).  We review legal conclusions de novo.  *See C.R. Bard, Inc. v. Atrium Med. Corp.*, 112 F.4th 1182, 1188 (9th Cir. 2024).  We "review the district court's findings of fact after the bench trial for clear error." *O'Bannon v. NCAA*, 802 F.3d 1049, 1061 (9th Cir. 2015).

Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.  We affirm on all grounds.[1]

I

The district court did not commit clear error in determining Nautilus was not liable for bad faith failure to settle, because Nautilus did not have a duty to attempt to settle until there was a duty to defend, which was triggered after the First Re-Tender.  To allege a claim for bad faith, a party must plead facts sufficient to demonstrate that "the insurer had no reasonable basis for disputing coverage, and that the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." *Powers v. United Services Auto. Ass'n*, 962 P.2d 596, 604 (Nev. 1998).  Nautilus was entitled to rely on Judge Dorsey's

---

[1] Nautilus's request for judicial notice, Docket Entry No. 33 (No. 24-293) and Docket Entry No. 29 (No.24-552) is GRANTED.

summary judgment ruling in a previously filed separate declaratory judgment action ("First Coverage Action"), in which Judge Dorsey determined Nautilus did not have a duty to defend at that time. Because Nautilus was told it did not have a duty to defend Wood, it was not liable for bad faith failure to settle during the September 2016 mediation three days later.[2]

## II

Wood forfeited his claim for emotional distress damages by not "clearly and distinctly" asserting the claim in his opening brief and merely stating, "because the District Court denied Wood's failure-to-settle claim, it also denied his claim for emotional distress damages." *McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009) (Arguments not raised "clearly and distinctly" in the opening brief are forfeited). Even if Wood did not forfeit this claim, he is not entitled to emotional distress damages. A plaintiff must establish a bad faith claim to be entitled to emotional distress damages. *See U.S. Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975). Given Nautilus was not liable for bad faith failure to settle, Wood had to tie his emotional distress damages to the denial of the Third or

---

[2] The district court also did not err in its determination that the other "settlement opportunities" did not provide Nautilus with a realistic opportunity to settle within policy limits. *See Allstate Ins. Co. v. Miller*, 212 P.3d 318, 328 (Nev. 2009) ("Generally, an insurer who has no opportunity to settle within policy limits is not liable for an excess judgment for failing to settle the claim.") (cleaned up).

Fourth Re-Tenders, the only acts found to be in bad faith. Wood failed to do so and as such the district court properly denied his claim for emotional distress damages.

## III

The district court did not commit clear error in finding that Nautilus is also not liable for bad faith failure to investigate the pre-mediation evaluation report. The September 23, 2016 pre-mediation report did not trigger Nautilus' duty to defend – it merely provided additional evidence of a *potential* duty to defend. However, Judge Dorsey's order in the First Coverage Action, three days before the mediation, made clear Nautilus did not have a duty to defend. Therefore, it was reasonable for Nautilus to rely on the court order concluding it did not have a duty to defend, and therefore, not investigate the facts in the pre-mediation report.

## IV

The district court properly concluded that the punitive damages awarded in the underlying suit ("Switzer Action") were not recoverable against Nautilus because such indemnification is prohibited by Nevada public policy. *See Siggelkow v. Phoenix Ins. Co.*, 846 P.2d 305 (Nev. 1993) ("[I]t is incumbent upon the party whose conduct was so outrageous as to merit punishment by means of

4

punitive damages to bear the burden of paying the award.") (quoting *New Hampshire Ins. Co. v. Gruhn*, 670 P.2d 941, 942 (Nev. 1983)).[3]

V

The district court correctly held that Wood was not unjustly enriched by Nautilus' payment of defense costs before July 27, 2017, because Nautilus ultimately became contractually obligated to furnish a defense. Under Nevada law, unjust enrichment has three elements: "[1] the plaintiff confers a benefit on the defendant, [2] the defendant appreciates such benefit, and [3] there is acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." *Cert. Fire Prot. Inc. v. Precision Constr*, 283 P.3d 250, 257 (Nev. 2012) (internal quotation marks omitted). Here, the unjust enrichment claim hinges on whether equity requires the policyholder, Wood, to pay. *See id.*

---

[3] Because the relevant issue has been answered by the Nevada Supreme Court, certification is not appropriate. *See Glacier Bear Retreat, LLC v. Dusek*, 107 F.4th 1049, 1052–53 (9th Cir. 2024) (cleaned up) ("In deciding whether to certify a question to a state supreme court, this Court considers: "(1) whether the question presents important public policy ramifications *yet unresolved by the state court*; (2) whether the *issue is new*, substantial, and of broad application; (3) the state court's caseload; and (4) the spirit of comity and federalism.") (emphasis added).

5

The Nevada Supreme Court has determined that when a court determines that the insurer never had a duty to defend, and the insurer clearly and expressly reserved its right to seek reimbursement, it is equitable to require the policyholder to pay. *Id.* at 689. Here, it was ultimately determined that Nautilus had a duty to defend Wood in the Switzer Action, therefore, Nautilus cannot be said to have performed in excess of what was bargained for between Wood and Nautilus. Subsequently, the district court did not err in determining Nautilus was not entitled to reimbursement of its defense costs before July 28, 2017.[4]

## VI

The district court did not commit clear error in finding that Nautilus acted unreasonably in denying a duty to defend after the Third and Fourth Re-Tenders. Nevada law recognizes the existence of an implied covenant of good faith and fair dealing, and an insurer fails to act in good faith (or acts in bad faith) when it refuses "without proper cause . . . [to compensate the insured] for a loss covered by the policy." *Estate of Lomastro v. Am. Family Ins. Grp.*, 195 P.3d 339, 351 (Nev.

---

[4] Issue preclusion does not apply, here, where a main issue underlying the Nevada Supreme Court's decision—whether there was a duty to defend—changed. *See Nautilus*, 482 P.3d 683; *see also Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 321 P.3d 912, 916 (Nev. 2014) (cleaned up) ("For issue preclusion to attach, the issue decided in the prior proceeding must be identical to the issue presented in the current proceeding.").

2008) (citing *Pemberton v. Farmers Ins. Exchange*, 858 P.2d 380, 382 (Nev. 1993)).

The district court found that Nautilus' denial of the duty to defend became unreasonable after Wood's Third Re-Tender, when it was revealed that the Weide Email falsely stated that Switzer was banned from selling certain implants in California. Specifically, Switzer's wife testified that Switzer "continued to sell . . . at Cottage Hospital" and "[was] not banned." The district court concluded that "[w]hile it was reasonable for [Nautilus] to rely on Judge Dorsey's rulings to some extent," once the falsity of the Weide Email was known, Nautilus "reckless[ly] disregard[ed]" the fact that there was no reasonable basis for disputing coverage, and therefore acted in bad faith.

As to the Fourth Re-Tender, Weide's trial testimony confirmed that she was referring to Ted Switzer as the distributor in her email, and Switzer's trial testimony indicated that he still "had the rights to sell [] inventory." The district court reasoned that at that point, Nautilus knew or should have known that the Weide Email contained a false statement. The district court found that the testimony made clear the Weide Email included a false statement, something that was not clear at the time of Judge Dorsey's ruling, thus making Nautilus' reliance on Judge Dorsey's ruling unreasonable and "demonstrat[ing] again at least a

reckless disregard that Nautilus was acting unreasonably." Therefore, the district court concluded Nautilus acted in bad faith in denying the Fourth Re-Tender.

This account of the evidence is plausible in light of the entire record, and therefore, the district court's determination is affirmed. *See Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002), aff'd, 540 U.S. 644 (2004).

## VII

In sum, we affirm the judgment of the district court. We need not – and do not – reach any other issues urged by the parties.

**AFFIRMED**.